# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
NONA PETRIASHVILI,

                                  Plaintiff,

-against-

WHOLE FOODS MARKET GROUP, INC.,

                                  Defendant.

-----------------------------------------------------------------X

Index No.:
Date Purchased:
**SUMMONS**

Plaintiffs designate Kings
County as the place of trial.

The basis of venue is:
Plaintiff's residence

Plaintiffs reside at:
154 Avenue P, Apt # 1C
Brooklyn, NY 11204

**To the above named Defendant:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       July 27, 2020

_____
JAY S. KNISPEL
**LAW OFFICES OF JAY S. KNISPEL, LLC**
Attorneys for Plaintiff
**NONA PETRIASHVILI**
450 Seventh Avenue, Suite 409
New York, New York 10123
(212) 564-2800

TO:

WHOLE FOODS MARKET GROUP, INC. – Via Secretary of State
270 Greenwich Street,
New York, New York 10007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
NONA PETRIASHVILI,

                              Plaintiff,

            -against-

WHOLE FOODS MARKET GROUP, INC.,

                            Defendant.
-------------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, **THE LAW OFFICES OF JAY S. KNISPEL, LLC**, complaining of the Defendants, respectfully allege, upon information and belief:

1.    That at all times herein mentioned, the Plaintiff was, and still is, a resident of the County of Kings, State of New York.

2.    That the cause of action alleged herein arose in the County of New York, City and State of New York.

3.    That this action falls within one or more of the exceptions as set forth in CPLR §1602.

4.    That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** was and is a domestic corporation, or other domestic business entity, duly organized under and existing by virtue of the laws of the State of New York.

5.    That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** was and is a foreign incorporation, or other foreign business entity, duly authorized to do and transact business in and by the State of New York.

6. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** did and transacted business and/or derived substantial income from its activities in the State of New York.

7. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** maintained a principal place of business in the County of New York, State of New York.

8. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** maintained a place of business within the State of New York.

9. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** owned the premises known as "Whole Foods Market" located at 270 Greenwich Street, New York, New York.

10. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** owned a supermarket located at 270 Greenwich Street, New York, New York.

11. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** owned the premises located at 270 Greenwich Street, New York, New York.

12. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** operated the premises known as "Whole Foods Market" located at 270 Greenwich Street, New York, New York.

13. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** operated a supermarket located at 270 Greenwich Street, New York, New York.

14. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** operated the premises known as 270 Greenwich Street, New York, New York.

15. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** managed the premises known as "Whole Foods Market" located at 270 Greenwich Street, New York, New York.

16. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** managed a supermarket located at 270 Greenwich Street, New York, New York.

17. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** managed the premises located at 270 Greenwich Street, New York, New York.

18. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** controlled the premises known as "Whole Foods Market" located at 270 Greenwich Street, New York, New York.

19. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** controlled a supermarket located at 270 Greenwich Street, New York, New York.

20. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** controlled the premises located at 270 Greenwich Street, New York, New York.

21. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** maintained the premises known as "Whole Foods Market" located at 270 Greenwich Street, New York, New York.

22. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** maintained a supermarket located at 270 Greenwich Street, New York, New York.

23. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** maintained the premises located at 270 Greenwich Street, New York, New York.

24. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** supervised the premises known as "Whole Foods Market" located at 270 Greenwich Street, New York, New York.

25. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** supervised a supermarket located at 270 Greenwich Street, New York, New York.

26. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** supervised the premises located at 270 Greenwich Street, New York, New York.

27. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** was the lessor of the premises known as "Whole Foods Market" located at 270 Greenwich Street, New York, New York.

28. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** was the lessor of a supermarket located at 270 Greenwich Street, New York, New York.

29. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** was the lessor of the premises located at 270 Greenwich Street, New York, New York.

30. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** was the lessee of the premises known as "Whole Foods Market" located at 270 Greenwich Street, New York, New York.

31. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** was the lessee of a supermarket located at 270 Greenwich Street, New York, New York.

32. That at all times hereinafter mentioned, the Defendant **WHOLE FOODS MARKET GROUP, INC.** was the lessee of the premises located at 270 Greenwich Street, New York, New York.

33. On March 15, 2019 Plaintiff **NONA PETRIASHVILI** was lawfully present on the aforesaid premises, when she was caused to trip and/or slip and fall and sustain severe and permanent injuries.

34. The above mentioned occurrence and the results thereof were caused by the joint, several and concurrent negligence of the defendants in the operation, management, maintenance, supervision and control of the premises located at 270 Greenwich Street, New York, New York, in causing, allowing and permitting said premises at the place above mentioned to be, become and remain for a period of time after notice, either actual or constructive, in a dangerous and/or hazardous condition; in causing, allowing and permitting a trap to exist at said location; in failing to maintain the aforesaid premises in a reasonably safe and proper condition; in causing, allowing and permitting an obstruction to Plaintiff's safe passage at said location; in causing, allowing and permitting a wet, slippery and dangerous condition to exist at the aforesaid premises; in failing to provide Plaintiff with safe and proper ingress and egress on the premises; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully on said premises; in violating local, national and state statutes laws, rules, regulations, codes and policies; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in said dangerous condition; in failing to give Plaintiff adequate and timely signal, notice or warning of said condition; in causing and creating the dangerous condition; in negligently and carelessly causing and permitting the above said premises to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the Plaintiff and others; in failing to avoid the occurrence although the owners had the opportunity to do so; in failing to take suitable and proper precautions for the safety of persons on and using said premises; and in being otherwise negligent and careless.

35. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

36. That by reason of the foregoing, Plaintiff **NONA PETRIASHVILI** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

37. That as a result of the foregoing, Plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against the Defendants herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: New York, New York
July 27, 2020

Yours, etc.,

_____
JAY S. KNISPEL
**LAW OFFICES OF JAY S. KNISPEL, LLC**
Attorneys for Plaintiff
**NONA PETRIASHVILI**
450 Seventh Avenue, Suite 409
New York, New York 10123
(212) 564-2800

## ATTORNEY'S VERIFICATION

JAY S. KNISPEL, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at LAW OFFICES OF JAY S. KNISPEL, LLC, attorneys of record for Plaintiff NONA PETRIASHVILI. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

DATED:    New York, New York
          July 27, 2020

                                                _____
                                                JAY S. KNISPEL

10

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

NONA PETRIASHVILI,

                                      Plaintiff,

                        -against-

WHOLE FOODS MARKET GROUP, INC.,

                                    Defendant.

---

**SUMMONS AND VERIFIED COMPLAINT**

---

**LAW OFFICES OF JAY S. KNISPEL, LLC**
*Attorneys for Plaintiff*
450 Seventh Avenue, Suite 409
New York, New York 10123
(212) 564-2800

---